SUMMARY ORDER
Defendant-Appellant Floyd Francis appeals from the decision of the United States District Court for the Western District of New York (Siragusa, J.) denying his motion to suppress evidence found during the search of his home. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
Francis contends that the search was unlawful because he expressly and unequivocally refused to consent to the search of his home. Although he does not dispute that his wife consented to the search, he argues that under the Supreme Court’s decision in Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), the search was unlawful as to him. The District Court, however, found that Francis’s testimony that he refused to consent to the search was not credible. Instead, the District Court credited the testimony of one of the arresting special agents, who stated that Francis deferred the decision — of whether to permit the officers to enter the house — to his wife.
The factual findings of a district court on a motion to suppress, including assessments of credibility, cannot be disturbed unless shown to be clearly erroneous. United States v. Villegas, 928 F.2d 512, 517 (2d Cir.1991). In reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government. United States v. Jackson, *28 652 F.2d 244, 246 (2d Cir.), cert. denied, 454 U.S. 1057, 102 S.Ct. 605, 70 L.Ed.2d 594 (1981). Unless we have “a definite and firm conviction that a mistake has been committed,” we may not disregard the District Court’s findings of fact. United States v. Rios, 856 F.2d 493, 495 (2d Cir.1988) (per curiam). Francis has not shown that the District Court clearly erred in its credibility assessment. On the facts presented, the District Court “was free to reject [Francis’s] testimony and accept the agent’s, and did so.” Villegas, 928 F.2d at 518.
We have considered all of Appellant’s claims, and we find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.